## THE CITY OF OSKALOOSA v. PINKERTON ET AL.

JUDGMENT: SUPPORTED BY EVIDENCE.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 9.

THE defendant Pinkerton and the plaintiff entered into a contract whereby the former agreed to erect gas works and supply the city and citizens thereof with gas. To enable him to do this there was granted to Pinkerton the right to lay down mains and pipes in the streets of the city. This contract was afterward assigned to the defendant, the Oskaloosa Gas Light Company.

The petition states that said company and Pinkerton made a contract with the defendant Eli Ketner to supply a building owned by him with gas. For this purpose a ditch was dug from the gas main in the street to the building, said ditch being dug under the sidewalk; and it was alleged that it was negligently left open, whereby one Stier was greatly injured by falling into the same. It was further stated in the petition that Stier brought an action against the city and recovered judgment therein, which has been paid, and that the defendants had notice of the pendency of said action.

The material allegations in the petition were denied by the gas company and Ketner. As to them there was a trial to the court and judgment rendered for the defendants. Pinkerton was not served with notice, and made no appearance. The plaintiff appeals.

*F. M. Davenport* and *Lafferty & Johnson*, for appellant.

*M. E. Cutts*, for Ketner.

*John F. Lacey*, for the Gas Company.

SEEVERS, J.—I. There was no evidence introduced tending to show the ditch had been negligently left open, or that it had been negligently constructed. A recovery is sought on the ground the liability of the city had been determined in the action brought by Stier, and that defendants had notice of such action, and were, therefore, liable over to the city.

Ketner testifies that no notice of the pendency of the Stier action was ever served on him. He admits he may have heard such an action was pending, but that it did not occur to him he was or could be made liable for the injury suffered by Stier, and he paid no attention thereto. The city solicitor testifies he prepared the requisite notices and placed them in

the hands of an officer for service, and the latter testifies that he thinks he served it on Mr. Ketner, but he is unable to state the time or place, and he has no positive recollection on the subject. The notice has been lost. Under these circumstances the District Court was fully warranted in finding Mr. Ketner had no notice of the pendency of said action or of the judgment. The fact that he had knowledge that such an action was pending is not sufficient unless he had been notified the plaintiff claimed he was liable over to it in case there was a recovery against the city.

No finding of facts was made, but the presumption is that the court found such facts as will justify the conclusion of law. We cannot say the conclusion of law is erroneous unless there is a finding of facts and the error affirmatively appears, or the same thing appears from the record, because the judgment is not sustained by the evidence.

II. The liability of the gas company depends on the question whether it was served with notice of the Stier action, and the further question whether the ditch was dug by it or under its authority. The proof of service of notice is somewhat stronger than it is as to Ketner, but we cannot say that the finding in this respect is against the evidence.

The city solicitor was doubtful whether Pinkerton or the gas company was liable over to the city, for the reason that it was doubtful in his mind by whom or under what authority the ditch was constructed. A notice was, therefore, prepared for both. The testimony satisfies us it was served on Pinkerton, who was then president of the gas company, but whether a notice was served on him as such president, or that he had any knowledge the city claimed anything in the premises from the gas company, is, to say the least, left in doubt by the evidence. Some of us unite in the opinion, if the judgment below was based on the fact that there was no sufficient proof of service of notice on the company, that it is not so against the evidence as to justify us in setting it aside. There are other members of the court who are of the opinion that the company cannot be made liable, because the ditch was not constructed by it or under its authority, but was the individual act of Pinkerton. It would serve no valuable purpose to state at length the reasons which influence the several members of the court.

The judgment below is

AFFIRMED.